UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ANGELA ELVITA ROSS,            )
                               )
         Plaintiff,            )
                               )
    v.                         )   Case No. 2:18-cv-118
                               )
JONATHAN R. O'HARA,            )
                               )
         Defendant.            )

# OPINION AND ORDER

This matter is before the court on the Motion for Extension of Time or to Stay Proceedings on Plaintiff's Motion for Summary Judgment [DE 19] filed by the plaintiff, Angela Elvita Ross, on October 15, 2018. For the following reasons, the motion is **DENIED.**

*Background*

The parties attended the Rule 16 Preliminary Pretrial Conference on July 6, 2018. The court set a deadline for the defendant, Jonathan R. O'Hara, to file a motion for judgment on the pleadings or a motion for recusal by September 28, 2018. On September 29, 2018, O'Hara filed the Motion for Summary Judgment [DE 18], along with an affidavit in support of the motion for summary judgment.

On October 15, 2018, Ross filed this motion requesting that the court stay the proceedings, or in the alternative, extend the deadline for her to respond to the motion for summary judgment until the conclusion of discovery and to set a pretrial scheduling conference. Ross has indicated that she has not had the opportunity to conduct discovery. Therefore, she contends that O'Hara's motion for summary judgment is premature. O'Hara filed a response in opposition on October 15, 2018, and Ross filed a reply on October 16, 2018.

*Discussion*

**Federal Rule of Civil Procedure 56(d)** states, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." In order to succeed on a Rule 56(d) motion, the plaintiff must identify the specific evidence which would create a genuine issue of fact. ***American Needle, Inc. v. National Football League***, 538 F.3d 736, 740 (7th Cir. 2008) (overturned on other grounds). "Summary judgment should not be entered 'until the party opposing the motion has had a fair opportunity to conduct such discovery as may be necessary to meet the factual basis for the motion.'" ***Chalimoniuk v. Interstate Brands Corporation***, 172 F. Supp. 2d 1055, 1057-58 (S.D. Ind. 2001) (quoting ***Celotex Corp. v. Catrett***, 477 U.S. 317, 326, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). However, a Rule 56(d) motion is not meant to allow a party to block summary judgment simply by offering generalities about the need for further discovery. ***Woods v. City of Chicago***, 234 F.3d 979, 990-91 (7th Cir. 2001).

A court may deny a Rule 56(d) motion because the requesting party fails to identify with specificity the evidence it may have obtained with the additional discovery that would create a genuine issue of material fact. *See* ***American Needle Inc.,*** 538 F.3d at 740 (affirming district court's denial of Rule 56(d) motion). In short, the moving party must show: (1) good cause for the discovery delays; (2) the specific discovery that is necessary to prepare a response to the motion for summary judgment; and (3) that the additional discovery will give rise to a genuine issue of material fact. ***Bernegger v. Gray & Associates LLP***, 2009 WL 3148723, *3 (E.D. Wis. 2009).

In support of his motion for summary judgment, O'Hara filed a factual affidavit. Ross has indicated she must have the opportunity to explore the matters contained in the affidavit, specifically paragraphs 5, 6, 12, and 13, through discovery. However, Ross has failed to show the specific discovery that she intends to conduct and how it will impact her ability to respond to the pending motion for summary judgment. She has not given the court any indication on how the proposed discovery would create a genuine issue of material fact. Ross indicated that she intended to depose O'Hara, but she has not indicated what information she intends to illicit. Ross's motion is void of any reason why the deposition is necessary, and she has failed to satisfy her burden.

At the Rule 16 conference, the court declined to set a discovery schedule because it was determined that a legal issue was controlling and that discovery might not be required. This motion is a thinly veiled attempt to circumvent the court's refusal to set a discovery schedule.

Based on the foregoing reasons, the Motion for Extension of Time or to Stay Proceedings on Plaintiff's Motion for Summary Judgment [DE 19] is **DENIED.** The plaintiff is **GRANTED** 21 days to respond to the motion for summary judgment.

ENTERED this 22nd day of October, 2018.

/s/ Andrew P. Rodovich
United States Magistrate Judge