# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ANGELA ELVITA ROSS, <br><br> Plaintiff, <br><br> v. <br><br> JONATHAN R. O'HARA, <br><br> Defendant. | CAUSE NO.: 2:18-CV-118-HAB |

## OPINION AND ORDER

After Plaintiff Angela Elvita Ross sued Defendant Jonathan R. O'Hara, he filed a Motion for Summary Judgment [ECF No. 18], asserting that the Court should grant judgment in his favor as a matter of law. Rather than respond to the Motion by identifying material issues of fact that preclude the entry of judgment, Plaintiff moved for an extension of time or to stay the proceedings on Plaintiff's Motion for Summary Judgment until the conclusion of discovery [ECF No. 19].

Magistrate Judge Andrew P. Rodovich issued an Opinion and Order [ECF No. 22] denying Plaintiff's Motion for Extension of Time or to Stay Proceedings on Plaintiff's Motion for Summary Judgment. The Magistrate Judge found that Plaintiff had not satisfied her burden under Federal Rule of Civil Procedure 56(d) to identify specific evidence that would create a genuine issue of material fact if Plaintiff were given additional time to conduct discovery before responding to Defendant's Motion for Summary Judgment. Rather, Plaintiff had only offered generalities about the need for

further discovery. The Magistrate Judge granted Plaintiff twenty-one days to respond to the Motion for Summary Judgment.

Plaintiff disagrees with the Magistrate Judge's ruling and maintains that she should be given an opportunity to conduct discovery before responding to Defendant's Motion. This matter is before the Court on Plaintiff's Objection to Magistrate's Ruling Denying Plaintiff the Ability to Conduct Any Discovery Before Responding to Defendant's Motion for Summary Judgment [ECF No. 23].

Additionally, Plaintiff has filed a Motion to Strike Defendant's Motion for Summary Judgment [ECF No. 24], and a Motion to Strike Affidavit of Jonathan O'Hara [ECF No. 25].

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(a), a party may serve and file objections to a magistrate judge's order pertaining to a non-dispositive pretrial matter within 14 days after being served with a copy of the order. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A) (providing for reconsideration by district court judge of any pretrial matter designated to a magistrate "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law").

Rule 72(a) grants magistrate judges great latitude in resolving non-dispositive matters, like the one at issue here. "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite

2

and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997); *see also Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (referring to the clear error standard as "extremely deferential").

"Under the 'contrary to law' standard, the district court conducts a plenary review of the magistrate judge's purely legal determinations, setting aside the magistrate judge's order only if it applied an incorrect legal standard," *Jensen v. Solvay Chems., Inc.*, 520 F. Supp. 2d 1349, 1351 (D. Wyo. 2007), or if it "misapplie[d] relevant statutes, case law, or rules of procedure," *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)).

## ANALYSIS

**A. Background**

*1. Complaint Allegations*

On March 22, 2018, Plaintiff filed her Complaint pursuant to the Fair Debt Collection Practices Act (FDCPA). She alleges that Defendant, a lawyer and a debt collector, violated the Act when he sent her the letter attached as Exhibit A to the Complaint (the Letter) attempting to collect a debt for a third party. The Letter, sent on March 23, 2017, is addressed to Angela E. Ross aka Briana Elise Ross-Williams. Briana Elise Ross-Williams is Plaintiff's daughter, and they lived together in Jacksonville, Florida. The letter purports to collect a debt related to "'Walmart Stores, Inc, #1618 vs Angela E. Ross Aka Briana Elise Ross-Williams, 45H03-9805-CP-1743' and 'Total Amount due: 1040.00'. This account relates to a judgment obtained in 1998 for an alleged NSF

check issued in 1997 for a purchase or purchases for a consumer purpose at Wal-Mart." (Compl. ¶ 7.)

The Letter states, in part, "Please find enclosed a copy of a motion and order I have filed with the Court. This motion and order was [sic] issued because you failed to appear at a hearing on contempt filed by the Court. This matter is now very serious and you could be arrested at any time." (*Id.* ¶ 8.) The Letter continues: "You basically have 2 options right now. If you pay the amount due mentioned above, I will file a motion to have the bench warrant-body attachment recalled and that will be the end of the case. If you are unable to pay the full amount, then you will need to talk to me about a plan of repayment." (*Id.* ¶ 9.)

Plaintiff did not have any knowledge of the body attachment, or any efforts to obtain a body attachment, until she received the Letter and made additional telephone calls to the clerk in Gary, Indiana. (*Id.* ¶ 13.) Defendant did, in fact, obtain a body attachment on behalf of his client in Gary City Court. (*Id.* ¶ 15.) The Letter caused Plaintiff to worry that she or her daughter, who attended college in Chicago, might be arrested as they traveled through northern Indiana. (*Id.* ¶ 10.)

Plaintiff alleges that Defendant was aware that Plaintiff lived in Florida and would not be able to attend a proceeding supplemental in Indiana. Accordingly, he knew that a body attachment would be granted, and that it would be "an effective tactic to coerce payment out of fear." (*Id.* ¶ 15.) "More importantly, [Defendant] had the experience to know that an out-of-state jurisdiction would be unlikely to actually detain a person on an Indiana bench warrant, so something else would be necessary to coerce payment, and

4

that something was the letter like the one received by [Plaintiff]." (*Id.*) Plaintiff alleges that "[t]he combination of the strategy of obtaining a body attachment in a distant forum combined with a letter threatening arrest if payment is not made is conduct in the collection of the debt, the natural consequence of which is to harass, oppress or abuse a person in violation of 15 USC 1692d." (*Id.*)

The Complaint also identifies representations that Plaintiff alleges were false or misleading, and thus violative of 15 U.S.C. § 1692e. She asserts that a consumer has more than the two options that Defendant identified in the Letter: pay in full or make payment arrangements. The consumer can appear in court and claim statutory exemptions or challenge personal jurisdiction, hire an attorney to negotiate, or file for bankruptcy to name a few as "[t]here may be other options as well." (Compl. ¶ 16.) Second, Plaintiff claims that misstating that her daughter was an alias was a false statement in an attempt to collect a debt.

### 2. *Motion for Summary Judgment and Motion for Extension of Time*

Defendant moved for summary judgment, designating Plaintiff's Complaint and attachments thereto, and his Declaration (labeled as an Affidavit) [ECF No. 18-1]. Plaintiff responded with the Motion for Extension of Time or to Stay Proceedings on Plaintiff's Motion for Summary Judgment. Plaintiff complained that the Motion was premature because Plaintiff had no opportunity to conduct discovery. She also asserted that the Motion was contrary to the Court's instructions that Defendant be permitted to file a motion for judgment on the pleadings, which is not the same as a motion for summary judgment. Plaintiff stated that she "would like to depose the defendant and conduct other

5

discovery." (ECF No. 19, ¶ 12.) In addition, Plaintiff believed that an "expert witness may be necessary to develop the factual record regarding reasonable practices by collection attorneys and perhaps the deceptiveness of the challenged collection communication." (*Id.* ¶ 13.)

As stated above, the Magistrate Judge denied Plaintiff's motion and set a deadline for her to respond to the Motion for Summary Judgment.

**B.      Plaintiff's Objections to Magistrate Judge's Ruling**

The FDCPA was enacted to eliminate the "use of abusive, deceptive, and unfair debt collection practices" 15 U.S.C. § 1692. To that end, it prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* § 1692e. Additionally, § 1692d prohibits a debt collector, generally, from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the debt. Without limiting the general application of the statute, 15 U.S.C. § 1692d(1) through (6) goes on to provide a non-inclusive listing of six specific types of prohibited conduct ranging from threats and violence to obscene language and telephone harassment.

Plaintiff asserts that the Magistrate Judge's finding that she did not establish a need for further discovery related to these claims was clearly erroneous. She cites several reasons, which the Court will address in turn.

*1.      Improperiety of Summary Judgment*

Plaintiff argues that Defendant's motion for summary judgment is not appropriate because the court specifically gave him leave to file a motion for judgment on the

pleadings, not a motion for summary judgment. Therefore, it was clearly erroneous and contrary to law for the Magistrate Judge to state that Plaintiff's motion for discovery was an attempt to circumvent the court's refusal to set a discovery schedule until after the dispositive motion was filed and resolved. Plaintiff argues that she was, instead, attempting to enforce the Court's pretrial conference order—which stayed discovery until after the dispositive motion ruling—because neither the parties nor the Court indicated that the parties would be briefing summary judgment. (Obj. 5.)

The Court does not find the Magistrate Judge's finding to be clearly erroneous or contrary to law. The Court stayed discovery to allow for the filing of a dispositive motion that would attack whether Plaintiff could recover on her complaint. Although the Court and the parties initially contemplated that the motion would take the form of a motion for judgment on the pleadings under Rule 12(c), nothing prevented Defendant from using Rule 56 as the procedural vehicle to challenge the complaint. The form of the motion did not alter the fact that "the court declined to set a discovery schedule because it was determined that a legal issue was controlling and that discovery might not be required." (Opinion and Order 3, ECF No. 22.)

Here, what made the motion a Rule 56 summary judgment motion, as opposed to a Rule 12(c) motion for judgment on the pleadings, was the inclusion of Defendant's Declaration. *See* Fed. R. Civ. P. 12(d) (requiring that when matters outside the pleadings are presented to and not excluded by the court on a Rule 12(c) motion, it must be treated as one for summary judgment under Rule 56). When a Rule 12 motion is converted, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent

to the motion." *Id.* In fact, given the standard of review for a Rule 12(c) motion, it is difficult to see how Plaintiff was prejudiced by the form of the motion. *See Alexander v. City of Chi.*, 994 F.2d 333, 336 (7th Cir. 1993) (explaining that when a party uses a motion for judgment on the pleadings in an attempt "to dispose of the case on the basis of the underlying substantive merits" rather than on a procedural defect, the motion will not be granted "unless no genuine issues of material fact remain to be resolved and unless the [movant] is entitled to judgment as a matter of law"); *see also Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2001) ("Only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved will a court grant a Rule 12(c) motion."). Accordingly, whether filed as a Rule 12(c) motion or a Rule 56 motion, the standard Defendant is required to meet is the same.

Likewise, Plaintiff's response, whether the motion is filed under Rule 56 or converted to a motion for summary judgment, is to point to genuine issues of material fact that remain to be resolved or to explain why, even if facts are not in dispute, Defendant is not entitled to judgment as a matter of law. Alternatively, a plaintiff may, as Plaintiff did here, invoke Rule 54(d). Rule 54(d) permits a nonmovant to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The court may defer considering the motion, allow time to obtain affidavits or declarations or to take discovery, or issue any other appropriate order. *Id.*

8

A party seeking Rule 56(d)'s protection must make a good faith showing that it cannot respond to the movant's affidavit. *Kalis v. Colgate–Palmolive Co.*, 231 F.3d 1049, 1058 n.5 (7th Cir. 2000). This requires an affidavit from the non-movant specifically identifying the material facts that it anticipates discovering. *See Grundstat v. Ritt*, 166 F.3d 867, 873 (7th Cir. 1999) (finding vague assertions that discovery would develop genuine issues of material fact insufficient to grant continuance). Rule 56(d) "requires a party opposing summary judgment to do more than request a 'fishing expedition' in the hope of finding evidence sufficient to establish the existence of a genuine issue of material fact." *Cima v. WellPoint Health Networks, Inc.*, 556 F. Supp. 2d 901, 905 (S.D. Ill. 2008) (citing *Davis v. G.N. Mortgage Corp.*, 396 F.3d 869, 885 (7th Cir. 2005)).

Plaintiff appears to argue that, because there has been no discovery, her burden under Rule 54(d) is lessened. That contention finds no support in the caselaw. "Rule 56 does not require that discovery take place in all cases before summary judgment can be granted. In fact, the Seventh Circuit has noted that 'the fact that discovery is not complete—indeed has not begun—need not defeat a motion for summary judgment.'" *Waterloo Furniture Components, Ltd. v. Haworth, Inc.*, 467 F.3d 641, 648 (7th Cir. 2006) (quoting *Am. Nurses' Ass'n. v. Ill.*, 783 F.2d 716, 729 (7th Cir. 1986)) (internal citations and brackets omitted).

The mere fact that Defendant filed a motion for summary judgment at this stage of the proceedings is not a basis to conclude that the Magistrate Judge's ruling was clearly erroneous or contrary to law.

9

*2.    Necessary Discovery*

Plaintiff objects to the Magistrate Judge's finding that she did not show the specific discovery that she intends to conduct or how the discovery would impact the motion for summary judgment. The Magistrate Judge acknowledged Plaintiff's statement that she needed to depose Defendant, but found that she had not indicated what information she intended to illicit or how it would create a genuine issue of material fact.

Plaintiff asserts that she has shown that she must take Defendant's deposition so she can oppose his affidavit statements, challenge his personal knowledge of the facts and the veracity of his statements, and determine if he has any further documents regarding Plaintiff's claims. She specifically identified the statements in paragraphs 5, 6, 12, and 13 of Defendant's Declaration as matters she must have an opportunity to explore through discovery before the Court takes them as true.

In paragraph 5, Defendant asserts that several motions for proceeding supplemental had been filed from July 1998 through 2005 with no service obtained. In paragraph 6, Defendant states that he learned that Plaintiff had moved to Jacksonville, Florida, and filed another proceedings supplemental motion on October 20, 2005, to have Plaintiff appear for an examination as to assets on November 11, 2005. It is difficult to imagine that, if deposed, Defendant would disagree with these statements as he has already affirmed under penalties of perjury that they are true. (Def.'s Aff. in Supp. of M. for Summ. J., ECF No. 18-1.) Plaintiff has not indicated that any evidence exists that would cast doubt on these statements, or that Defendant would not testify consistent with his own Declaration.

Even if there were some dispute regarding these statements, there is no indication that this dispute would impact Plaintiff's claims. Plaintiff's own complaint alleges that Defendant was aware that Plaintiff lived in Florida when he obtained a body attachment, and that Plaintiff was not aware of the body attachment until she received the March 30, 2017, Letter. There was no error in the Magistrate Judge's conclusion that Plaintiff had not indicated what information she intended to illicit through discovery or how it would create a genuine issue of material fact as it relates to these paragraphs of the Defendant's Declaration.

In paragraph 12, Defendant states that his research revealed that Plaintiff had moved to an address in Florida that was different from where she lived when the writ of body attachment-bench warrant was issued. This research, according to paragraph 13, also revealed that the social security number of Angela Ross and Brianna Ross Williams were the same.

Plaintiff argues that the assertion about her change of address "has a tendency to both defeat Plaintiff's FDCPA claim and to support a bona fide error defense." (Obj. 6.) She maintains that a deposition to question Defendant about the matters stated in his affidavit "will, or at least may, provide evidence that such assertions lack merit." (*Id.*) Plaintiff offers no explanation or legal analysis to show how the statement about her residence impacts her claims or any defenses to her claims. Moreover, as stated above, Plaintiff has not explained how taking the deposition of Defendant would show that his verified assertions lack merit. Casting suspicion on the statements would have to come from another source, not from Defendant. Plaintiff has not established that she has any

11

less access than Defendant does to the sources of information pertaining to the addresses where she lived on particular dates. Plaintiff has offered nothing more than a desire for a fishing expedition in the hope of finding evidence sufficient to establish the existence of a genuine issue of material fact.

Plaintiff has made no attempt to explain how taking the deposition of Defendant would create a genuine issue as to whether his research showed a common social security number for Plaintiff and her daughter. In any event, for purposes of the motion, the Court must assume that the alias claimed in the Letter was not Plaintiff's alias. The reason for the mistake is not relevant to the motion for summary judgment. The statute's prohibition on the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt" is "designed to provide information that helps consumers to choose intelligently." *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757 (7th Cir. 2009). Whether the statement is of the type that Congress intended to eliminate does not depend on Defendant's state of mind, or how he obtained the information.

If Plaintiff is concerned about a bona fide error defense, that concern is premature. The Court does not read Defendant's Motion for Summary Judgment as an attempt to prove that the FDCPA's bona fide error defense applies to the mistaken alias, as Defendant has not presented evidence that he had in place procedures reasonably adapted to avoid the mistake. *See* 15 U.S.C. § 1692k(c) (requiring that debt collector show by "preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error"); *see also Green v. Hocking*, 792 F. Supp. 1064, 1066 n.5 (E.D. Mich.

1992) (rejecting bona fide error defense where the defendant debt collector merely asserted that the error was unintentional without supplying evidence of procedural safeguards).

Upon review, the Court does not find that the Magistrate Judge's denial of her motion is clearly erroneous or contrary to law.

**C.     Motions to Strike**

Plaintiff has filed two motions to strike: a Motion to Strike Defendant's Motion for Summary Judgment [ECF No. 24], and a Motion to Strike Affidavit of Jonathan O'Hara [ECF No. 25]. Plaintiff submits that Defendant's Motion for Summary Judgment should be stricken because it does not comply with Federal Rule of Civil Procedure 56(c) because not every statement of fact is supported by a citation to a particular part of the materials in the record. Additionally, the Motion is not accompanied by a separate brief as required by Northern District of Indiana 7-1(b).

The Court does not find these deficiencies an adequate basis to strike the Motion. The Motion is, in substance, Plaintiff's brief. In considering the Motion, the Court need only consider cited materials, Fed. R. Civ. P. 56(c)(3), and if a fact is not adequately supported, the Court will not consider it to be established for purposes of summary judgment.[1] Although this may impact the outcome of the Motion, as summary judgment

---

[1] With respect to the assertion that not every statement of fact is supported by a citation to a particular part of the materials in the record, Plaintiff identifies paragraphs 4, 5, 6, 11, 12 and 13 of Defendant's Statement of Material Facts as problematic. The Court's review of these paragraphs shows each one to be a reiteration of Plaintiff's Complaint allegation, or to include a citation to Defendant's Declaration, save for one assertion. A quick review of the record shows Defendant's Declaration is the source of that assertion.

is only appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law, " Fed. R. Civ. P. 56(a), it is not a basis to strike the submission altogether.

Similarly, the Court, in considering whether judgment as matter of law is the appropriate resolution of this matter, duly notes that, under Federal Rule of Civil Procedure 56(c)(4), any affidavit or declaration "used to support or oppose a motion for summary judgment must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Any statements or responses that contain legal conclusions or argument, are evasive, contain hearsay or are not based on personal knowledge, are irrelevant, or are not supported by evidence in the record will not be considered by the Court in ruling on Defendant's Motion for Summary Judgment.

Consistent with its obligations under the federal and local rules, the Court will rely only on material statements of fact which are both admissible and supported by the record. It is not necessary to strike individual portions of the record at this stage of the proceedings.

**CONCLUSION**

For the reasons stated above, the Court OVERRULES Plaintiff's Objection to Magistrate's Ruling Denying Plaintiff the Ability to Conduct Any Discovery Before Responding to Defendant's Motion for Summary Judgment [ECF No. 23]. The Objection is termed as a pending motion. Additionally, the Court DENIES Plaintiff's Motion to

Strike Defendant's Motion for Summary Judgment [ECF No. 24], and Motion to Strike Affidavit of Jonathan O'Hara [ECF No. 25].

Defendant's response to the Motion for Summary Judgment is to be filed by August 30, 2019.

SO ORDERED on July 29, 2019.

s/ *Holly A. Brady*  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT