UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ANGELA ELVITA ROSS, | ) | |
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 2:18-CV-118-TLS |
| JONATHAN R. O'HARA, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on numerous Motions: the Plaintiff's Motion for Summary Judgment [ECF No. 49], the Defendant's Motions to Strike two of the Affidavits associated with the Plaintiff's Motion [ECF Nos. 54 and 55], the Defendant's Motion to Reconsider Defendant's Motion for Summary Judgment [ECF No. 56], and the Plaintiff's Motions to Strike the Defendant's Cross-Motion for Summary Judgment and the Affidavit of Jonathan O'Hara [ECF Nos. 66 and 67]. For the reasons below, all pending Motions are DENIED WITHOUT PREJUDICE.

## BACKGROUND

The Plaintiff has brought this action for actual and statutory damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. In her Complaint, the Plaintiff alleges that the Defendant, Jonathan R. O'Hara, sent her a letter regarding a debt. *See* Compl. ¶ 7, ECF No. 1. According to the Plaintiff, the Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse her, in violation of § 1692d, and the letter the Defendant sent had several false or misleading representations, in violation of § 1692e. *Id.* ¶¶ 14 (citing, presumably a scrivener's error, § 1692(g) instead of § 1692d), 16–17.

Also according to the Plaintiff's Complaint, she suffered "extreme emotional distress" as a result of the letter "to the point of obtaining medical assistance." *Id.* at ¶ 10. She worried about her own arrest; she worried about her daughter. *Id.* In addition, her "willingness to freely travel" was inhibited, particularly to Indiana, which she characterizes as a "loss to her protected liberty interest." *Id.* at ¶ 11. She also made several calls to the court clerk in Gary, an action she implies she would not have taken but for the letter in question. *Id.* at ¶13.

The Plaintiff filed her Motion for Summary Judgment on May 8, 2020 [ECF No. 49], along with a Memorandum in Support of Her Motion to Summary Judgment [ECF No. 50], to which was attached the Plaintiff's Appendix in Support of her Motion for Summary Judgment [ECF No. 50-1] and the Exhibits [ECF No. 50-2]. In one of the two affidavits the Plaintiff attaches as an Exhibit, she elaborates that the "AKA Briana Elise Ross" phrase in the letter "caused me apprehension and fear that not only I might be arrested at any time, but also that my daughter could be arrested under the mistaken belief that she was me," and that she was concerned the debt might affect her daughter's credit report and as a result their relationship. *See* Aff. of Angela Elvita Ross ¶ 8, ECF No. 50-2. The Plaintiff does not address her injury in her Memorandum in Support of Her Summary Judgment Motion, otherwise present any support for injury from the other statements made in the letter she alleges violated the act, and the affidavit appears to be the only support of the allegations of injury made in her Complaint.

## ANALYSIS

After the parties completed the briefing on the Plaintiff's Motion for Summary Judgment, the Seventh Circuit issued a number of opinions addressing the standing of plaintiffs bringing FDCPA claims. *See, e.g.*, *Smith v. GC Servs. Ltd. P'ship*, 986 F.3d 708, 709 (7th Cir. 2021) (collecting six Seventh Circuit cases, all published in December 2020 and some of which were

consolidated on appeal, that "presented questions about standing to sue under the [FDCPA]"). In general, those cases hold that a Plaintiff bringing suit under the FDCPA must establish standing, including an "injury in fact," beyond being the recipient of a letter that violates the FDCPA. *See, e.g.*, *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1064 (7th Cir. 2020).

An injury in fact requires "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992))). To be concrete, the injury must "'actually exist' . . . [be] 'real, . . . not abstract,'" although the harm can be intangible rather than physical or monetary. *Id.* (quoting *Spokeo*, 136 S. Ct. at 1548–49). To be particularized, the injury must have personally affected the plaintiff herself. *Id.* (citing *Lujan*, 504 U.S. at 560 n.1).

"To demonstrate standing at the summary judgment stage of litigation, the plaintiffs must 'set forth by affidavit or other evidence specific facts' demonstrating that they have suffered a concrete and particularized injury." *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 284 (7th Cir. 2020) (quoting *Lujan*, 504 U.S. at 561) (internal quotation marks omitted). While the Plaintiff here pleaded an injury in fact—perhaps more than one—she has not set forth specific evidence demonstrating those injuries. The paragraph in the affidavit, cited by the Court above, is not cited by the Plaintiff; the question of standing is not briefed by either party.

The Court is required to police the constitutional limitations on its jurisdiction. *See Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020) (quoting *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986)). As the Plaintiff has not established that she has standing to pursue her claim at the summary judgment stage, the Court denies the Plaintiff's Motion for Summary Judgment without prejudice, and will grant the Plaintiff an opportunity to

refile a dispositive motion addressing that issue as well as others that entitle the Plaintiff to summary judgment on her claims. As the Court is denying the Plaintiff's Motion for Summary Judgment without prejudice, the Defendant's two Motions to Strike are denied as moot. The Defendant may refile them if it becomes necessary.

As for the Defendant's Motion to Reconsider, the Plaintiff argues that the Defendant should not now be allowed to file what amounts to a cross motion for summary judgment both because he is beyond the dispositive motion deadline and because he never responded to discovery. *See* Pl.'s Mot. to Strike Def.'s Cross-Motion for Summ. J. ¶¶ 3–4, ECF No. 66. As the Plaintiff is granted an opportunity to file new briefing, the Defendant shall have an opportunity to respond, including any arguments supporting a cross motion for summary judgment. The Plaintiff may address any deficiencies in the Defendant's support for his motion once it is filed; as such, the Plaintiff's Motions to Strike are also dismissed as moot.

## CONCLUSION

Based on the foregoing, the Court:

(1) DENIES WITHOUT PREJUDICE the Plaintiff's Motion for Summary Judgment [ECF No. 49] and GRANTS the Plaintiff up to and including April 2, 2021, to refile a Motion for Summary Judgment, addressing all issues including standing;

(2) DENIES WITHOUT PREJUDICE the Defendant's Motion to Reconsider Defendant's Motion for Summary Judgment [ECF No. 56] and GRANTS the Defendant up to and including April 30, 2021, to respond to the Plaintiff's Motion for Summary Judgment and, if appropriate, to file a Cross Motion for Summary Judgment;

(3) DENIES AS MOOT the Defendant's Motions to Strike two of the Affidavits associated with the Plaintiff's Motion [ECF Nos. 54 and 55] and the Plaintiff's Motions to Strike the

   Defendant's Cross-Motion for Summary Judgment and the Affidavit of Jonathan O'Hara [ECF Nos. 66 and 67]; the parties may file any motions to strike as appropriate in connection with the new briefing on summary judgment;

(4) GRANTS the Plaintiff up to and including May 28, 2021, to file a reply to the Defendant's response to her Motion for Summary Judgment as well as a response to the Defendant's Cross Motion for Summary Judgment, if one is filed; and

(5) GRANTS the Defendant up to and including June 11, 2021, to file a reply in support of his Cross Motion for Summary Judgment, if he does indeed so move.

SO ORDERED on March 3, 2021.

                s/ Theresa L. Springmann
                JUDGE THERESA L. SPRINGMANN
                UNITED STATES DISTRICT COURT